T.C. Summary Opinion 2003-33


UNITED STATES TAX COURT


HILARIO M. AGUIRRE AND CATHY C. AGUIRRE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7837-01S.                    Filed April 2, 2003.


Hilario M. Aguirre and Cathy C. Aguirre, pro sese.

David B. Mora, for respondent.


CARLUZZO, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Subsequent section references are to the Internal Revenue Code in effect for 1998.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,073 in petitioners' 1998 Federal income tax. The issue for decision is whether petitioners must include in income certain amounts paid to Hilario M. Aguirre in 1998 as a result of a back injury sustained in the previous year.

Background

Some of the facts have been stipulated and are so found. Petitioners are husband and wife. They filed a timely 1998 joint Federal income tax return. At the time the petition was filed, they resided in Richmond, Texas. References to petitioner are to Hilario M. Aguirre.

At all relevant times, petitioner was employed by Anheuser Busch, Inc. (Anheuser). In 1997, petitioner injured his back and filed a claim for worker's compensation benefits. At first his claim was disputed, but ultimately, in 1998, petitioner was awarded worker's compensation benefits totaling $15,852.29 of which, for reasons explained below, only approximately $9,000 was paid directly to him.

During the period in which petitioner's worker's compensation claim was under consideration, he entered into an agreement with Anheuser (the agreement) whereby he was entitled to receive certain benefits upon the condition that any amount he received pursuant to the agreement would be repaid from any worker's compensation award that he might subsequently receive.

Pursuant to the agreement, from February 2 through May 19, 1998, petitioner received payments totaling $7,050 (the payments). The payments were reported on a Form W-2, Wage and Tax Statement, issued to petitioner by the General American Life Insurance Company, the third-party administrator for Anheuser's self-insured, group indemnity plan. Petitioner did not contribute to the cost of this plan, and contributions made to this plan on his behalf were not included in his income for any period.

Petitioners did not include the payments in the income reported on their 1998 return. In the notice of deficiency, respondent determined that the payments must be included in petitioners' 1998 income. Other adjustments made in the notice of deficiency are not in dispute.

Discussion

According to respondent, the payments constitute income. Section 61(a) defines gross income as "all income from whatever source derived". Income is defined as "undeniable accessions to wealth" clearly realized by a taxpayer over which the taxpayer has "complete dominion". Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955). Whether a taxpayer enjoys "complete dominion" over an "accession to wealth" depends upon "whether the taxpayer has some guarantee that * * * [the taxpayer] will be allowed to keep the money". Commissioner v. Indianapolis Power & Light Co., 493 U.S. 203, 210 (1990).

Relying specifically upon section 105(a),[1] see also sec.
104(a)(3), respondent takes the position that the payments are
includable in petitioners' income because (1) they are
attributable to contributions made by his employer and not
includable in his income, or (2) they were paid by his employer.

As noted, during 1998, petitioner was awarded worker's
compensation benefits totaling $15,852.29 as a result of the back
injury he sustained in the previous year.  Worker's compensation
benefits are excludable from income, see sec. 104(a)(1), and
there is no dispute on that point in this case.  However, only a
portion of petitioner's worker's compensation award was paid
directly to petitioner.  In accordance with the agreement, the
remainder was used to reimburse Anheuser for the payments.

Absent circumstances such as those that exist in this case,
an amount described in section 105(a) constitutes income to the
recipient/taxpayer because the amount constitutes an accession to
the recipient/taxpayer's wealth.  In this case, although the
payments might be generally of the type contemplated by section

---

[1] Sec. 105(a) states:

    Except as otherwise provided in this section,
amounts received by an employee through accident or
health insurance for personal injuries or sickness
shall be included in gross income to the extent such
amounts (1) are attributable to contributions by the
employer which were not includible in the gross income
of the employee, or (2) are paid by the employer.

105(a), the agreement effectively prevents any accretion to petitioner's wealth attributable to the payments.  See Commissioner v. Glenshaw Glass Co., supra.  Consequently, the payments received by petitioner during 1998 are not income to petitioner and therefore are not includable in petitioners' income for that year.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for petitioners.